United States District Court
Southern District of Texas
**ENTERED**
May 26, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FIDELIS J. BADAIKI, | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:19-cv-00371 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| CAMERON | § | |
| INTERNATIONAL | § | |
| CORPORATION, | § | |
| Defendant. | § | |

## ORDER

Plaintiff Fidelis J. Badaiki alleges employment discrimination and retaliation by Defendant Cameron International Corporation. Dkt 1-1. Two issues are presently before the Court. One concerns a request to withdraw by counsel to Badaiki. Dkt 22. The other is a letter request by Defendant Cameron International Corporation to raise a discovery dispute as to document requests and interrogatories presently served on it.

*As to counsel's request to withdraw.* Attorney Peter Costea has represented Badaiki to this point. Counsel may not freely withdraw from a representation but instead must have "leave of the court and a showing of good cause and reasonable notice to the client." *Matter of Wynn*, 889 F2d 644, 646 (5th Cir 1989). A court must determine "that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel." *Broughten v Voss*, 634 F2d 880, 882 (5th Cir 1981).

The motion establishes that:
- o Badaiki is no longer able to fulfill his financial obligations to pay litigation costs;
- o Badaiki has since filed two other *pro se* actions that arise out of similar factual allegations;

- - o Legal arguments by Badaiki in his *pro se* cases conflict to some extent with arguments made by counsel in this action; and
  - o Counsel was previously unaware of Badaiki's history of filing *pro se* cases and would not have otherwise agreed to take on this representation.

Dkt 22 at 1–4. This demonstrates good cause to withdraw from representation.

Counsel avers that he has advised Badaiki both verbally and in writing that he would seek to withdraw based on Badaiki's failure to pay costs and his other *pro se* cases; that he has encouraged Badaiki to retain substitute counsel; and that he has additionally informed Badaiki of his right to file a formal objection to his motion. Id at 5. This establishes sufficient notice. No opposition was filed.

The motion is granted.

*As to the discovery dispute.* Cameron International disputes certain discovery requests by Badaiki. It notes that he has propounded twenty-four interrogatories and eighty-two requests seeking documents as far back as 2014.

Rule 26 of the Federal Rules of Civil Procedure requires that discovery requests must be proportional to the dispute at hand. Claims based on events prior to February 2016 have already been dismissed from this action. See Dkt 8. Requests for documents dating before February 2016 refer to events beyond the scope of this lawsuit are not proportional absent a showing of good cause.

The pending discovery requests are stricken.

The motion by Peter Costea to withdraw as counsel is GRANTED. Dkt 22.

It is ORDERED that Peter Costea be removed as counsel of record to Fidelis J. Badaiki.

Peter Costea is further ORDERED to serve a copy of this Order on his former client by email and by expedited mailing.

The Court STRIKES all discovery requests as currently served by Badaiki and pending on Cameron International. He may again serve requests proportional to this dispute after conference in good faith with Cameron International. Absent agreement on the

scope of legitimate discovery, Badaiki must file a letter seeking permission to serve any disputed discovery.

This case is REFERRED to United States Magistrate Judge Nancy K. Johnson for all pretrial management and disposition as allowed pursuant to 28 USC § 636(b)(1)(A) and (B) and the Cost and Delay Reduction Plan under the Civil Justice Reform Act.

The parties are ORDERED to advise by June 12, 2020 whether they will consent to the jurisdiction of Magistrate Judge Johnson for all purposes in this case pursuant to 28 USC § 636(c).

SO ORDERED.

Signed on May 26, 2020, at Houston, Texas.

*[signature]*

Hon. Charles Eskridge
United States District Judge