United States Courts
Southern District of Texas
FILED
February 19, 2021
Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

Fidelis Johnson Badaiki,
    Plaintiffs

vs.                                                      CIVIL ACTION NO.
                                                         4:19-cv-00371

Cameron International Corporation
    Defendants

**<u>Plaintiff's REPLY to Motion for Leave of Court Compel Defendant to Include the ESI Metadata</u>**

Honorable Judge,

Plaintiff wrote to the defendant saying that the defendants did not include the required Metadata in their electronically stored information ESI exhibits.

Defendant is refusing to provide the Metadata to Plaintiff.

1. Electronically stored information ESI exhibits cannot be interpreted without the Metadata.

It is long settled in several case laws that ESI most include metadata. FRCP 34.

Plaintiff requested: native files with all associated metadata

2. Plaintiff REPLY to defendant: The main defense theory hinges on the validity of the spreadsheet falsification or not.  Plaintiff objected and stated that the spreadsheet ranking table was falsified, and Defendant is alleging the opposite, therefore, the creation and modification dates of the "ranking table" is vital for both parties, the judge and the Jury. That alone is good cause. Plaintiff already showed above in his ECF doc 65 that "Electronically stored information ESI exhibits cannot be interpreted without the Metadata". Besides, the default on ESI is native files. see *Urban 8 Fox Lake Corp. v. Nationwide Affordable Housing Fund 4 LLC, No. 18 C 6109, 2019 U.S. Dist. LEXIS 196474 (N.D. Ill. Nov. 13, 2019).* the parties had been arguing for nearly nine months over several discovery issues, including the plaintiffs' request that two of the defendants' documents be produced in native format. Despite the plaintiffs' request, the defendants had produced the spreadsheets in TIFF format. After noting that this type of issue should have been resolved without court involvement had the parties actually

conferred in good faith, the magistrate judge continued: The "default setting" under the Federal Rules of Civil Procedure is production of ESI in native format. *id*

3. Defendant is talking of expense, but plaintiff is only asking for the native files of the ranking table spreadsheet, which will automatically contain the metadata. Its takes about one second for the Defendant to send the Plaintiff the native file of the ranking table, where is this expense coming from? The Defense did not explain how giving the Plaintiff the spreadsheet ranking table in Microsoft Excel native file would somehow be more expensive, i.e. a one second Microsoft Excel native file is somehow expensive? In fact, it is cheaper and easier for any Defendant to issue the spreadsheet in native file, rather than manipulating the file before issue it to plaintiff.

At this time the Plaintiff is not seeking native files for all documents, just the "Ranking Table spreadsheet" excel document native file. A one second transaction.

4. Defendant is deliberately trying to confuse the Judge, here is a brief meaning of the terms:
native file is the format in which it is created on the party's system – *e.g.* Microsoft Word or Excel file.
In layperson terms, meta-data is information embedded in the ESI that describes certain characteristics of the electronic file (*e.g.* how, when and by whom it was received, created, accessed, and/or modified and how it is formatted)

## **Relief sought**

Plaintiff Respectfully request the Court to Compel the Defendant to include the ESI native file containing Metadata.

## CERTIFICATE OF SERVICE

I certify that copy of the above document is serve on the defendants via ECF or email.

Respectfully submitted,                February 19, 2021

/S/ Fidelis Johnson Badaiki

P.O. Box 90163,

Houston TX 77290  Telephone: 281-216-8794 Email: Johnson747@hotmail.com