United States District Court
Southern District of Texas
**ENTERED**
November 26, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FIDELIS J. BADAIKI, | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:19-cv-00371 |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| CAMERON INTERNATIONAL CORPORATION | § | |
| Defendant. | § | |

ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION

Pending is a Memorandum and Recommendation by Magistrate Judge Sam Sheldon recommending that the motion for summary judgment by Defendant Cameron International Corporation be granted and the motions by *pro se* Plaintiff Fidelis J. Badaiki for leave to file audio recordings and for summary judgment be denied. Also before the Court are Badaiki's objections to that determination by the Magistrate Judge. The objections are overruled, and the Memorandum and Recommendation is adopted as the opinion and order of this Court.

Badaiki also has another action currently pending against Cameron and others. *Badaiki v Schlumberger Holdings Corporation*, No 4:20-cv-02216 (SD Tex). Judge Sheldon issued a Memorandum and Recommendation in that case recommending that the motion by Defendants to dismiss be granted and that the motions by Badaiki to be heard and for leave to amend be denied. Badaiki also objected to that Memorandum and Recommendation, which was adopted with his objections overruled. That order should be read in conjunction with this order for

further information on background and proceedings.

1. Background

Plaintiff Fidelis J. Badaiki brings claims for retaliation and disability discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 USC §§ 2000e *et seq*, and the Americans with Disabilities Act, 42 USC §§ 12131 *et seq*. Dkt 1-1 at 3. He was previously employed by Defendant Cameron International Corporation. He also purported to sue "Schlumberger Company," but all such claims were dismissed. Dkt 8 at 1. He seeks actual damages, equitable relief, penalties, costs, and fees. Dkt 1-1 at 9.

Badaiki initially brought action in Texas state court in December 2018. Id at 2. Cameron removed the case and immediately moved to dismiss. Dkts 1 & 4. This case was originally assigned to Judge Andrew S. Hanen. He granted in part and denied in part that motion, dismissing all claims "based upon acts or omissions that occurred prior to the 300-day period before Badaiki filed his administrative charge with the Equal Employment Opportunity Commission." Dkt 8 at 1–2.

The case was then reassigned to this Court pursuant to Special Order No. 2019-4. Dkt 19. At that point, Badaiki had filed a second case *pro se* against Cameron and others in Texas state court. That case was also removed and transferred to this Court, though the two cases were never consolidated. See *Badaiki v Schlumberger Holdings Corp*, No 4:20-cv-02216. Badaiki's counsel in this case withdrew, and he has proceeded *pro se* since. Dkts 22 & 25. The entire case was then referred to Magistrate Judge Nancy K. Johnson and later to Magistrate Judge Sam S. Sheldon for full pretrial management pursuant to 28 USC § 636(b)(1)(A) and (B) and Rule 72 of the Federal Rules of Civil Procedure. Dkts 25 & 07/10/2020.

Discovery closed in October 2020, and Cameron moved for summary judgment on Badaiki's remaining claims. Dkts 21 & 40. It argued that he failed to make a *prima facie* case for any of his causes of action, and that even if he had, its evidence demonstrated a legitimate, nondiscriminatory reason for releasing him. Dkt 40 at 11. Badaiki responded and moved for leave to file audio recordings in support of his case. Dkts 44–47. Cameron replied, and Badaiki filed a surreply with leave of the Court. Dkts 48, 49, & 54.

Badaiki then filed an untimely cross-motion for summary judgment in June 2021. Dkt 90. In that motion, he alleged that the metadata from an employee ranking chart proffered by Cameron demonstrates that the chart was falsified, and so he argued that Cameron can't use the chart to demonstrate a nondiscriminatory reason for his firing. Id at 4. Judge Sheldon considered the motion on the merits. Dkt 96 at 5.

Judge Sheldon issued his Memorandum and Recommendation in September 2021 that addressed the motion by Badaiki for leave to file the audio recordings and the cross-motions for summary judgment. Dkt 96; see also Dkts 40, 46, & 90.

*As to Badaiki's motion for leave to file audio recordings.* Badaiki submitted the audio recording at issue to the Clerk of Court under the title "S20." He later provided a declaration that the "audio recording exhibit S20 is true and correct, based on [his] personal knowledge." Dkt 52-1. Judge Sheldon found this "conclusory declaration . . . insufficient for purposes of authentication," and he found that Badaiki "failed to explain how such material could be presented in admissible form." He thus recommended that the audio files be excluded on summary judgment and that Badaiki's motion for leave to submit the audio file be denied. Dkt 96 at 8.

*As to other disputed evidence.* Apart from the audio recordings, the Parties disputed the inclusion of two other pieces of evidence. First, Cameron objected to the inclusion of Badaiki's performance evaluations on the basis that

3

Badaiki failed to produce the documents during discovery and that the documents weren't authenticated. Dkt 48 at 6–7. Judge Sheldon disagreed. He couldn't "conclude that Plaintiff failed to produce these documents in discovery or that Cameron otherwise did not have timely access to them," and he found that Badaiki properly authenticated the documents. Dkt 96 at 10. Second, Badaiki objected to Cameron's ranking table, arguing that it was falsified. Dkt 90 at 1–2, 12–13. Judge Sheldon found Badaiki's assertions speculative and determined that the table isn't inconsistent with other evidence. Dkt 96 at 11.

*As to the cross-motions for summary judgment.* Judge Sheldon found that Badaiki failed to present a *prima facie* case for his claims. Id at 16. Regarding his discrimination and hostile work environment claims under the ADA, Judge Sheldon noted that Badaiki didn't present evidence that he's disabled or that Cameron regarded him as disabled. Dkt 96 at 15. Nor did Badaiki present evidence of adverse actions connected to a disability. Id at 16.

Addressing Badaiki's Title VII retaliation claim, Judge Sheldon assumed for the purpose of analysis that the activities Badaiki alleged both occurred and constituted protected conduct under the ADA and Title VII. Id at 17–18. But he noted that "there was at best a six-month gap between Plaintiff's last protected activity in August 2015 and his termination in March 2016." Id at 18. He concluded that this gap, without more, precludes the finding of a causal connection between the protected activities and the adverse action. Ibid, citing *Russell v. University of Texas of Permian Basin*, 234 F App'x 195, 206 (5th Cir 2007). And apart from the performance evaluations, which are consistent with Cameron's proffered reason for termination, Badaiki has provided no other evidence of retaliatory intent. Id at 18. Judge Sheldon thus recommended that this Court grant Cameron's summary judgment motion and deny Badaiki's summary judgment motion. Id at 19.

Badaiki filed objections. Dkt 104. Cameron didn't respond.

4

2. Legal standard

The district court conducts a *de novo* review of those conclusions of a magistrate judge to which a party has specifically objected. See 28 USC § 636(b)(1)(C); *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989). To accept any other portions to which there is no objection, the reviewing court need only satisfy itself that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1420 (5th Cir 1996); see also FRCP 72(b) advisory committee note (1983).

As noted, Badaiki is a *pro se* litigant. His filings must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v Pardus*, 551 US 89, 94 (2007), quoting *Estelle v Gamble*, 429 US 97, 106 (1976) (quotation marks omitted).

3. Analysis

Badaiki's objections have been held to less stringent standards given his *pro se* status. Even so, when reviewing *de novo* the recommendation of the Magistrate Judge to the extent raised in his objections, the objections lack merit.

a. Exclusion of audio recordings.

Badaiki objects to the exclusion of his audio file. Dkt 104 at 1, 10–17.

*First*, he contends that Cameron waived its objection to the audio file because it didn't object when he produced the file in October 2019. Dkt 104 at 12–13, citing FRCP 26(a). But Rule 26(a) only requires a party to object to Rule 26(a)(3) disclosures, which Badaiki never made. Cameron thus didn't waive its objection to the disputed evidence. In any event, the more pertinent inquiry concerns use of the evidence—not its mere production. And Cameron timely objected to the use of such evidence.

*Second*, he argues under Rule 56(c) that the audio file needn't be presented in an admissible form so long as it can be presented in an admissible form at trial. Dkt 104 at 10–11, citing *Maurer v Independent Township*, 870 F3d 380,

384 (5th Cir 2017). He cites *United States v Lance* for the proposition that he—as a participant in the conversation—may authenticate the audio file. Dkt 104 at 10, citing 853 F2d 1177, 1181–82 (5th Cir 1988); see also id at 15, citing *United States v Strothers*, 77 F3d 1389, 1392 (DC Cir 1996). And he suggests that, if called upon in court, he would testify as to the means of recording, the accuracy of the recording method, and the identity of the participants. Likewise, Badaiki contends that the transcripts he made of the audio files needn't be certified, and he attempts to alleviate some of Judge Sheldon's criticisms. Dkt 104 at 13–15; see also Dkt 102.

To the contrary, the audio recording and transcript were properly excluded. A proponent of evidence on summary judgment bears the burden to explain the anticipated admissible form of the proffered evidence. *Smith v Palafox*, 728 F App'x 270, 275 n 3 (5th Cir 2018), citing FRCP 56 advisory committee note. Even under the lenient standards applied to *pro se* litigants, Badaiki failed to meet this burden. He incorporated the transcripts of the audio recording into his response to Cameron's motion for summary judgment. Dkt 44. He then moved for leave to file the audio recording. Dkt 46. Cameron objected in its reply brief, noting that the recordings were unauthenticated and that the excerpted quotes likely "misquote or misidentify the speaker, are taken out of context, or do not faithfully represent the recordings themselves." Dkt 48 at 3. Judge Sheldon considered Badaiki's *pro se* status and granted him leave to file a surreply over the objection of Cameron. Dkts 52–54. In that objection, Cameron further noted that "Badaiki's purported 'transcription' of the audio recordings is not certified" and "the recordings themselves remain unauthenticated." Dkt 53 at 2 n 1. Instead of addressing these deficiencies, Badaiki simply attached his own declaration stating that the recording "is true and correct." Dkt 52-1. He further relied upon this evidence in his untimely motion for summary judgment, again without addressing the deficiencies identified by Cameron. See Dkts 90, 91, & 94. In fact, it wasn't until *after* Judge

6

Sheldon issued his M&R that Badaiki belatedly sought to meet his burden. Dkts 101, 102, 104, & 105.

Based on a *de novo* review of the record, the Court agrees with Judge Sheldon's conclusion that the "recordings and transcripts are not properly authenticated" and that Badaiki has failed to timely "explain how such material could be presented in admissible form." As such, they were properly excluded on summary judgment. Dkt 96 at 8–9.

### b. Recommendations on summary judgment

Badaiki also objects to Judge Sheldon's analysis of the cross-motions for summary judgment.

*First*, he argues that Judge Sheldon failed to apply the proper summary judgment standard when assessing the evidence. He grounds this objection in the rejected audio file, contending that the audio file contains direct evidence of discrimination. Dkt 104 at 1–2, 19–22 (citations omitted). To the contrary, as already discussed, Judge Sheldon properly excluded the audio file and transcripts.

*Second*, he contends that he should prevail under the *prima facie* pleading standard. Specifically, he takes exception to Judge Sheldon's finding that there was "a six-month gap between Plaintiff's last protected activity in August 2015 and his termination in March 2016." Dkt 96 at 18; Dkt 104 at 26–27. Instead, he suggests that the last protected activity occurred on November 9, 2015. Dkt 104 at 26. But that date corresponds to the audio recording, which was properly excluded.

*Third*, Badaiki objects to the *Background* section of the M&R. Id at 4. He points to the fact that the section doesn't mention that he was fired on September 8, 2014 and was reinstated five months later. Ibid. Even assuming that to be true, Badaiki doesn't link it to any objection that undermines the recommendations made.

*Fourth*, Badaiki reasserts his objections to Judge Sheldon's orders regarding mediation. Id at 5; see also Dkts 72 & 97. He cites Rule 17(c) of this Court's procedures. But enforcement of those procedures is wholly discretion-

ary. Judge Sheldon vacated the mediation deadline because he found that mediation would be futile. Dkt 72; see also Dkt 97. This Court emphatically agrees. There is nothing about Plaintiff's litigation conduct that suggests he would have proceeded reasonably and in good faith in mediation. And the opportunity to settle a case doesn't depend upon mediation. Nothing prevented Badaiki from seeking a reasonable resolution of his claim, if that was his desire.

*Fifth*, Badaiki objects to various findings made by Judge Sheldon. He contends that Cameron admitted that it requested he undergo a psychiatric evaluation. Dkt 104 at 4. He also objects to the consideration of Adam Nightingale's declaration because Nightingale allegedly doesn't have personal knowledge of the ranking table at issue. Id at 6; Dkt 40-1. He further objects to footnote 6 of the M&R, which states, "The Court notes that Plaintiff failed to sit for a deposition despite numerous attempts to arrange one." Dkt 96 at 8 n 6; Dkt 104 at 17. But a *de novo* review of the record reveals that Judge Sheldon's findings regarding these issues are correct. To the extent that Badaiki attempts to supplement the record with additional evidence, that time has long since passed.

*Sixth*, Badaiki objects to Judge Sheldon's assessment of the ranking table in light of the performance evaluations. Dkt 104 at 17–18, 27; Dkt 96 at 11–12. He argues that the performance evaluations can't justify his firing because he consistently met expectations. Dkt 104 at 18. He also alleges that Cameron "failed to define what is the job expectation that was met, and what is the Job expectation that was not exceeded." Ibid. Badaiki further asserts that Cameron failed to produce evidence regarding changes to the ranking table. Dkt 104 at 9, 18–19. But as Judge Sheldon stated, "the ranking table is not inconsistent with the performance evaluations and recommendations [Badaiki] submitted as evidence." Dkt 96 at 11. Badaiki thus failed to demonstrate a genuine dispute of material fact as to these issues. See *Williams v McCollister*, 671 F Supp 2d 884, 887 (SD Tex 2009).

8

Additionally, Badaiki's claims regarding changes to the ranking table are unfounded.

Badaiki raises variations on these arguments throughout his objections, largely repeating those already summarized. Dkt 104 at 1–27. All lack a legal basis.

In sum, the Court has reviewed the pertinent portions of the recommendation by Judge Sheldon *de novo*. It's correct on the merits. The Court has otherwise reviewed the pleadings, the record, the applicable law, and the recommendation. No clear error appears.

### 4. Conclusion

The Memorandum and Recommendation by the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 96.

The objections by Plaintiff Fidelis J. Badaiki are OVERRULED. Dkt 104.

The motion by Defendant Cameron International Corporation for summary judgment is GRANTED. Dkt 40.

The motion by Badaiki for leave to file audio files in support of his case is DENIED. Dkt 46.

The motion by Badaiki for summary judgment is DENIED. Dkt 90.

The claims asserted by Badaiki against Cameron are DISMISSED WITH PREJUDICE.

Any other motions are DENIED AS MOOT.

This case is CLOSED. A final judgment will issue separately.

SO ORDERED.

Signed on November 26, 2021, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge